**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRIAM ARISTONDO-BOCH, | No.    14-70293 |
| Petitioner, | Agency No. A200-806-912 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Miriam Aristondo-Boch, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Aristondo-Boch established changed circumstances to excuse her untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007). Thus, her asylum claim fails.

The BIA did not err in finding that Aristondo-Boch failed to establish a cognizable social group, *see Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016); *Reyes v. Lynch*, 842 F.3d 1125, 1133-37 (9th Cir. 2016) (according deference to the BIA's articulation of its "particularity" and "social distinction" requirements), and substantial evidence supports the BIA's finding that her experiences in Guatemala and fear of criminal gang members did not establish a nexus to any protected ground, *see Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

14-70293

We lack jurisdiction to consider the contentions regarding whistleblowing that Aristondo-Boch raises for the first time in her opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust claims in administrative proceedings below). Thus, her withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Aristondo-Boch's CAT claim because she failed to establish it is more likely than not that she would be tortured by the Guatemalan government, or with its consent or acquiescence. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**